# WIGDOR LLP
## ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Michael J. Willemin**
mwillemin@wigdorlaw.com

December 11, 2017

**VIA ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
Courtroom 20B
500 Pearl Street
New York, NY 10007

   Re:  <u>Hughes v. Twenty-First Century Fox, Inc., et al.; 17-cv-7093 (WHP)</u>

Dear Judge Pauley:

We represent Plaintiff in the above-referenced action and write in advance of the parties'
December 18, 2017 initial conference pursuant to Your Honor's Individual Rule II(B).

## I.  PLAINTIFF'S PROPOSED CASE MANAGEMENT PLAN

Plaintiff submits the following proposed case management plan:

1. <u>Initial Disclosures:</u> to be served by January 2, 2018.

2. <u>Initial Document Requests:</u> to be served by January 9, 2018.

3. <u>Initial Interrogatories:</u> to be served by January 9, 2018.

4. <u>Plaintiff to serve proposed ESI protocol:</u> January 9, 2018.

5. <u>Deadline to joint parties and/or amend the pleadings:</u> January 23, 2018.

6. <u>Parties to agree on an ESI protocol or raise any disputes with the Court:</u> January 23, 2018.

7. <u>Fact Discovery deadline:</u> April 30, 2018.

8. <u>Expert Discovery deadline:</u> June 30, 2018.

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

The Hon. William H. Pauley III<br>
December 11, 2017<br>
Page 2

This plan is proposed only on behalf of Plaintiff, as Defendants believe that discovery should be stayed until decisions are rendered on their anticipated motions to dismiss. <u>See</u> Dkt. Nos. 20, 21. Specifically, Defendants have stated: that "it seems premature to begin discussing any sort of meaningful discovery or scheduling plan, and, for these reasons, it is our position that discovery should not proceed until the contemplated motions are resolved."  Defendants also stated that they would be "willing to consider" a discovery plan that is "keyed to start after the motions are resolved."

While we will be prepared to discuss this issue in more detail at the parties' initial conference on December 18, 2017, we note that, as a matter of law, there is no stay of discovery at this time. Discovery can be stayed during the pendency of a motion to dismiss only for "good cause," and the "mere filing of a motion to dismiss the complaint does not constitute good cause for the issuance of a discovery stay." <u>Diaz v. Local 338 of Retail, Wholesale Dep't Store Union, United Food & Commercial Workers</u>, No. 13 Civ. 7187 (SJF)(SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014).  We also disagree, for the reasons that will be explained in our responses to Defendants' pre-motion conference letters, that Defendants' motions are supported by "substantial arguments for dismissal."

As such, it is our position that Defendants were obligated to comply with Fed. R. Civ. P. 26(f) and Your Honor's Individual Rules or seek a protective order.  As they have done neither, Plaintiff respectfully requests that the Court enter Plaintiff's proposed scheduling order, as modified as appropriate by the Court.  Finally, Defendants' position that Plaintiff's proposed discovery plan seeks "expedited discovery" is simply untrue.  The proposed schedule includes nearly five months for fact discovery and seven overall.  That is hardly an "unnecessarily and unreasonably compressed" schedule for an employment matter in this District.

## II.   <u>DEFENDANTS' POSITION</u>

Defendants have requested permission to move to dismiss all claims in this action. *See* Docket Entries 20 and 21.  As set forth in the Defendants' pre-motion conference letters, there are multiple, meritorious grounds for dismissal of Plaintiff's claims. The motions rest in large part on legal issues that the Court can determine without the need for factual inquiry and would, if granted, dispose of the entire case. Furthermore, even if granted only in part, the decision on the motions could drastically reshape the scope of the case in terms of both the claims and the parties involved, which, in turn, would narrow the scope of discovery and the relevant witnesses and documents. For example, Counts I, III and IV would involve discovery into facts occurring for the entire three-year period (2013 to 2016) of Plaintiff's appearances on Fox News, while Counts II, V and VII involve events occurring during a brief ten-day period in late June and early July of 2017, and Count VI involves a single episode of alleged sexual violence in July 2013.  For these reasons, Defendants respectfully submit that it would be entirely inefficient to commence discovery (or

**WIGDOR LLP**

ATTORNEYS AND COUNSELORS AT LAW

even endeavor to determine a meaningful discovery schedule or plan) before the contemplated motions are resolved.

To determine whether "good cause" exists to defer discovery pending a motion to dismiss, "a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." Boelter v. Hearst Communs., Inc., 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016). Further, where the pending motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law" or where the motion is supported by "substantial arguments for dismissal," a stay is favored. *Id.* at *14-16.

Here, the Defendants' motions are supported by "substantial arguments for dismissal," and, therefore, at the appropriate time, Defendants will have a basis to seek a formal stay of discovery. Given that Plaintiff has not yet propounded any discovery requests, a formal motion for a protective order and stay appears premature. However, to the extent the Court determines that a formal motion to stay discovery at this juncture is appropriate, Defendants respectfully request that the Court consider this submission to be Defendants' pre-motion request pursuant to the Court's Individual Practices.

Finally, to the extent a discovery schedule is to be entered at this time, Defendants object to Plaintiff's proposed schedule, which essentially seeks expedited discovery without basis. Even if Defendants had simply answered the Complaint, this schedule would be unnecessarily and unreasonably compressed.

Defendants stand ready to discuss these and any other issues that the Court may wish to address at the December 18, 2017 conference.

**III.    CONCLUSION**

The parties thank Your Honor for the Court's time and consideration of this matter.

Respectfully submitted,

Michael J. Willemin