**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X

SCOTTIE NELL HUGHES,      :
     :
                 Plaintiff,      :      Civil Action No.: 17-cv-07093 (WHP)
     :
         v.      :
     :
TWENTY-FIRST CENTURY FOX, INC., FOX      :
NEWS NETWORK LLC, DIANNE BRANDI, in      :
her individual and professional capacities, and      :
IRENA BRIGANTI, in her individual and      :
professional capacities, CHARLES PAYNE, in his      :
individual and professional capacities,      :
     :
                  Defendants.      :
------------------------------------------------------------- X

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH THE FOX DEFENDANTS' NON-PARTY SUBPOENAS *DUCES TECUM*</u>

Submitted by:

**WIGDOR LLP**

Jeanne M. Christensen
Michael J. Willemin

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845

*Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff Scottie Nell Hughes ("Ms. Hughes" or "Plaintiff") filed this action against Defendants Twenty-First Century Fox, Inc. ("21st Century Fox"), Fox News Network LLC ("Fox News," and, together with 21st Century Fox, "Fox" or the "Company"), Dianne Brandi ("Brandi"), Irena Briganti ("Briganti") and Charles Payne ("Payne") (collectively with Fox, "Defendants") to recover from harm suffered as a result of the sexual harassment, discrimination and retaliation she endured in connection with her work and appearances on more than 240 Fox programs between 2013 and 2016. The allegations include specific reference to her harm caused by a sexual assault and rape by Payne, the male executive who Ms. Hughes primarily reported to during this time. Allegations also include facts about Payne's coercion tactics, his *quid pro quo* discrimination and behavior displaying Payne's propensity for violence and anger in response to Ms. Hughes's initial attempts to extradite herself from his control. Predictably, Payne denies any accountability under the relevant discrimination laws because he claims that his sexual relationship with Ms. Hughes was consensual. Fox denies any responsibility for the abhorrent events Ms. Hughes endured under its watch and equally predictably, Fox has opted to protect Payne in order to protect itself.

As part of Fox's aggressive defense, the media brute recently served non-party subpoenas on four male individuals for the sole purpose of harassing, intimidating and punishing Ms. Hughes for daring to seek redress through the court legal system. As discussed below, these four men have no connection with Fox, Fox programs, Payne, Brandi, Briganti, much less any connection with Ms. Hughes's work at Fox, or her claims against Defendants for discrimination, retaliation, defamation or gender motivated violence. Notwithstanding their utter and complete lack of knowledge of any material issues in this litigation, Fox, Brandi and Briganti (the "Fox

Defendants") served subpoenas on these non-parties seeking, *inter alia*, information and documents between them personally and Ms. Hughes regarding:

- "Sexual or romantic communications;"

- Ms. Hughes's personal background and "reputation;"

- Sexual or romantic communications between Ms. Hughes and "persons other than her husband;" and

- Videos, audios or photos of Ms. Hughes of a sexual or romantic nature.

Fox, and counsel for Fox, know that such requests are improper, potentially sanctionable and pursuant to Fed. R. Evid. 412, inadmissible in this civil action.[1]

## I.     PROCEDURAL HISTORY

On September 17, 2017, Ms. Hughes commenced this action against Defendants alleging discrimination and retaliation claims pursuant to the New York State Human Rights Law and New York City Human Rights Law, defamation claims, as well as claims specific to Payne under the Victims of Gender-Motivated Violence Protection Act.  Following Ms. Hughes's right to sue notice from the Equal Employment Opportunity Commission, the complaint was amended on or about December 29, 2017, to include discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.  See DE 29.

On December 8, 2017, Defendants submitted pre-motion letters to the Court regarding anticipated motions to dismiss.  Following a conference on December 18, 2017, the Court entered the following briefing schedule regarding the motions to dismiss:

- Defendants' omnibus motion to dismiss was due  on January 26, 2018;

---

[1]     Fed. R. Evid. 412. Sex-Offense Cases: The Victim. (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition.

- Plaintiff's opposition to Defendants' motion is due on February 9, 2018;

- Defendants' reply brief is due on February 16, 2018; and

- Oral argument is scheduled for February 23, 2018.

At the conference, the Court ordered that discovery should move forward, although depositions are not to proceed until after the resolution of Defendants' motion. See DE 27.

On January 30, 2018, Fox sent counsel for Plaintiff four notices of non-party subpoenas (the "Subpoenas"). See Declaration of Jeanne M. Christensen ("Christensen Decl."), attaching Exs. A-D. That same day, Fox served the Subpoenas on the following non-parties: Wayne Dupree, Ralph "Rusty" Humphries, Alexander "Alex" Shively and Dustin Stockton. Id. The Subpoenas are returnable on February 16, 2018. Id. Pursuant to Fed. R. Civ. P. 45(d)(B) ("Rule 45"), this motion to quash is made within fourteen days after the Subpoenas were served, or before the return date.

## II.    STATUS OF DISCOVERY

The parties exchanged Fed. R. Civ. P. 26 initial disclosures. On January 29, 2018, Ms. Hughes provided Defendants an amended Fed. R. Civ. P. 26 disclosure, to include the names and information of 26 additional individuals that may have relevant information as to her claims, for a total of 48 individuals.

On January 29, 2018, Fox served Ms. Hughes with document demands. The deadline for Ms. Hughes to produce initial documents is February 28, 2018. On February 1, 2018, Plaintiff served Fox with documents demands. Their responses are due on March 3, 2018. On February 7, 2018, Plaintiff served Defendant Payne with document demands. His documents are due on or before March 9, 2018.

### III.    LEGAL STANDARD

Under Rule 45, "[e]very subpoena must: . . . command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises . . . ."  Fed. R. Civ. P. 45(a)(1)(A)(iii). A motion to quash a subpoena must be filed within the specified compliance period or within fourteen days after the subpoena is served, whichever is earlier.  See Fed. R. Civ. P. 45(d)(B). Here, the Subpoenas were issued on January 30, 2018 and directed the non-parties to appear on February 16, 2018 and to produce at that time the documents and information.

Rule 45(d) requires the court to quash or modify a subpoena that:  (i) fails to allow a reasonable time to comply; (ii) requires a person to travel more than 100 miles of where the person resides, is employed, or regularly transacts business in person; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  See Fed. R. Civ. P. 45(d)(3)(A).  Additionally, subpoenas issued under Rule 45 are subject to the "relevance" requirement of Fed. R. Civ. P. 26(b)(1).  See During v. City Univ. of N.Y., No. 05 Civ. 6992, 2006 WL 2192843 at *2 (S.D.N.Y. Aug. 1, 2006).  Pursuant to Fed. R. Civ. P. 26(c)(1), a court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (i) forbidding the disclosure of discovery; and (ii) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.  See Fed. R. Civ. P. 26(c)(1).

### IV.    The Subpoenas Must Be Quashed

For a multitude of reasons, the Subpoenas must be quashed.  First, information is not discoverable if it is not relevant.  See Fed. R. Civ. P. 26(b)(1).  Requests for information about

4

Ms. Hughes's sexual history, including whether she engaged in purported adulterous affairs, her sexual reputation or photos or videos of Ms. Hughes "of a sexual nature," are irrelevant and unrelated to the causes of action contained in the Complaint. Whether Fox and Payne are liable under federal, state and city laws for their violations of the civil laws in place to protect women in the workplace from predatory and abhorrent behavior will involve evidence that bears no connection to the information sought in the Subpoenas. Fox bears the burden of demonstrating that the requested documents are "relevant and material to the allegations and claims at issues in the proceeding" and that they are admissible. See Dial Corp. v. News Corp., No. 13 Civ. 6802, 2015 WL 3778533, at *1 (S.D.N.Y. May 19, 2015). Unquestionably, Fox cannot show that the Subpoenas serve any purpose but an improper one.

### A.    The Four Individuals Have No Connection to Defendants or the Claims

Messrs. Dupree, Humphries, Shively and Stockton are not parties to this action and have no interest in its outcome. In fact, the Subpoenas would be burdensome and overly broad even if issued against Ms. Hughes. The Subpoenas seek information and documents that Ms. Hughes could properly object to as privileged, confidential, irrelevant and meant to harass, humiliate and punish.

These four individuals fall far outside of the realm of relevancy to this action, and not surprisingly, despite the Fed. R. Civ. P. 26 disclosures served by Defendants on January 16, 2018, not one of these men were listed in either Fox's disclosures or Payne's disclosures. Notably, Messrs. Dupree, Humphries, Shively and Stockton were not included in Ms. Hughes's 26 disclosures that included 48 individuals.

Based on the information in its possession, Fox is fully aware that Dupree, Humphries, Shively and Stockton:

- Were never employees of Fox;

- Were not Fox contributors, commentators or guests between 2013 and 2016;

- Never appeared on a Fox program with Ms. Hughes between 2013 and 2016; and

- Never appeared on a Fox program with Payne.

See Declaration of Scottie Nell Hughes, ¶¶14-15, 18, 22-23, 27.

By way of example only, Mr. Shively has never even met Payne. Id. at ¶15. As set forth in Ms. Hughes's declaration, she interacted with these individuals only in connection with her affiliation with the Tea Party News Network, and had no affiliation with them concerning Fox. Id. at ¶¶11-12, 16-17, 19-21, 24-25. For example, in 2011 through 2012, Ms. Hughes helped book guests for Mr. Humphries's radio show operated by TRN Radio Networks. Id. at ¶19. Again, this connection is irrelevant and immaterial to the claims by Ms. Hughes against Fox and Payne in this case.

Moreover, if Fox truly believes that information sought in the Subpoenas is relevant and discoverable, the proper party to request such information from is Ms. Hughes. Before serving the non-party subpoenas, Fox must demonstrate that information is unavailable from sources other than the non-party. By way of example only, if Fox believes that documentation about "travel" engaged in by Ms. Hughes in 2015 to Orlando and Las Vegas is directly relevant to this action, then Defendants must seek this information from Ms. Hughes – not a non-party for whom there appears no connection whatsoever to this case. See Christensen Decl., Ex. D (Subpoena to Dustin Stockton). Determined to shame and harass Ms. Hughes, however, Fox opted for the contemptible choice and served the Subpoenas, knowing these individuals are not in possession of evidence even remotely relevant to this litigation.

6

**B.**   **Fox Issued the Subpoenas to Harass, Intimidate and Punish Ms. Hughes**

Undeniably, the information requested by Fox serves one purpose: to attempt to shame Ms. Hughes with the mere suggestion that these individuals possess videos, photos or audios of Ms. Hughes of a "sexual nature."  Indeed, it is imperative that Fox provide Ms. Hughes and the Court with reasonable and sound basis for its good faith belief that:

- Videos, photos or audios of Ms. Hughes of a "sexual nature" unrelated to her claims in the action are discoverable; and

- Videos, photos or audios of Ms. Hughes of a "sexual nature" unrelated to her claims in this action are admissible.

Finally, based on the nature of the information sought in the Subpoenas, including evidence about her sexual history, Ms. Hughes properly asserts the objections to the Subpoenas and respectfully requests that the Court grant her request to quash.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to quash the Fox Defendants' Subpoenas, and for such other and further relief as this Court deems just and proper.

Dated:  February 8, 2018
    New York, New York                              **WIGDOR LLP**

                                                        By: _Jeanne Christen_____
                                                            Jeanne M. Christensen
                                                            Michael J. Willemin

                                                        85 Fifth Avenue
                                                        New York, New York 10003
                                                        Tel: (212) 257-6800
                                                        Fax: (212) 257-6845
                                                        jchristensen@wigdorlaw.com
                                                        mwillemin@wigdorlaw.com

                                                        *Counsel for Plaintiff*

7