UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ :
                                                 :
SCOTTIE NELL HUGHES,                             :
                                                 :          17cv7093
                        *Plaintiff*,             :
                                                 :          MEMORANDUM & ORDER
          -against-                              :
                                                 :
TWENTY-FIRST CENTURY FOX, INC., *et al.*,        :
                                                 :
                        *Defendants*.            :
                                                 :
------------------------------------------------ :

WILLIAM H. PAULEY III, Senior United States District Judge:

      Plaintiff Scottie Nell Hughes moves to quash four non-party subpoenas. The subpoenas were served on men formerly involved in affairs with Hughes. The subpoenas seek, among other things, sexual or romantic communications between Hughes and each of the men, information regarding Hughes' personal background and reputation, and media files of a sexual or romantic nature depicting Hughes. For the following reasons, Hughes' motion to quash is granted.

## BACKGROUND

      In December 2017, this Court entered a briefing schedule on Defendants' motion to dismiss. Additionally, this Court permitted discovery to proceed on a limited basis pending the motion to dismiss, and directed the parties to "exchange [ ] initial disclosures, document requests and productions, and interrogatories." (ECF No. 27.)

      In January 2018, Defendants' counsel transmitted four notices of non-party subpoenas to Hughes' counsel, each with a returnable date in February 2018. (Declaration of Jeanne M. Christensen in Support of Motion to Quash, ECF No. 39, Exs. A–D.) Hughes seeks to quash these subpoenas on the ground that none of subpoenaed parties was ever a Fox employee

or a contributor on Fox programs with Hughes, and therefore has no information bearing on Hughes' claims against Defendants.  She further claims that the subpoenas were issued to shame and harass her.  (Hughes Memorandum of Law in Support of Motion to Quash, ECF No. 38, at 5–6.)

Defendants counter that these subpoenas are designed to elicit information relevant to their defenses.  First, Defendants maintain that evidence of Hughes' extramarital sexual relationships will undermine her claim that Defendants' statement to the National Enquirer—and its effect of characterizing her as sexually immoral—was false.  (Defendants' Opposition to Motion to Quash, ECF No. 44–1 ("Opp."), at 1.)  Second, Defendants contend that information obtained from these men will establish a pattern of Hughes pursuing conservative media figures and politicians who she believed could advance her career.  This defense would essentially counter Hughes' claim that she was coerced into a sexual relationship with Payne.

## DISCUSSION

Parties generally do not have standing to object to subpoenas issued to non-party witnesses.  See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975).  However, "exceptions are made for parties who have a claim of some personal right or privilege with regard to the documents sought."  Meyer Corp. U.S. v. Alfay Designs, Inc., 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012).  "Examples of such personal rights or privileges include the personal privacy right and privilege with respect to the information contained in [ ] psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests, including those relating to salary information and personnel records."  Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., 2017 WL 1133349, at *5 (E.D.N.Y. Mar. 24, 2017) (citation omitted).  An individual's sexual history with other men, especially the lurid

details of their relationships and media files depicting their activities, is clearly a personal matter in which Hughes possesses a privacy interest. Therefore, as a threshold matter, this Court concludes that Hughes has standing to object to the non-party subpoenas.

Rule 45 provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The movant bears the burden of persuasion in a motion to quash a non-party subpoena. United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Whether a subpoena imposes an undue burden depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Int'l Bus. Mach. Corp., 83 F.R.D. at 104. Moreover, "[a]ny subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." Ireh v. Nassau Univ. Med. Ctr., 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); During v. City Univ. of N.Y., 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch Inc., 330 F.3d 104, 108 (2d Cir. 2003).

This Court need not consider Defendants' argument that the subpoenaed information will assist them in formulating the defense of absolute truth with respect to Hughes' defamation claims because this Court has already granted Defendants' motion to dismiss those claims. The relevant question then is whether the four non-parties have information demonstrating that Hughes was a serial seductress who engaged in a pattern of pursuing relationships with men—like Charles Payne—for the purpose of advancing her career. To substantiate their position, Defendants submitted third party affidavits attesting to Hughes' sexual proclivities with these men.

3

Injecting this case with Hughes' rendezvous with non-parties who have no connection to the subject matter of this litigation will only detract the parties—and later, a jury—from the real issues underlying Hughes' grievance.  Defendants' purported strategy is superficially appealing, but advances a boorish, reductive narrative that Hughes was predisposed to engaging in self-serving sexual relationships.  Hughes' prior sexual history has no relevance to her claims against Payne, or the defense that she used <u>Payne</u> to advance her career <u>at Fox</u>.

Moreover, while Rule 26's relevance requirement permits the discovery of information that "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," <u>Montesa v. Schwartz</u>, 2015 WL 13016354, at *1 (S.D.N.Y. Nov. 3, 2015), this Court must balance that standard with Rule 412 of the Federal Rules of Evidence, "which prohibits the use of evidence offered to prove that a victim engaged in other sexual behavior; or a victim's sexual predisposition."  <u>Holcomb v. State Univ. of N.Y. at Fredonia</u>, 2015 WL 1280442, at *2 (W.D.N.Y. Mar. 20, 2015).  The Advisory Committee's commentary on Rule 412 is instructive:

> "In order not to undermine the rationale of Rule 412, [ ] courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.  Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery.   In an action for sexual harassment, for instance, while some evidence of the alleged victim's sexual behavior and/or disposition in the workplace may perhaps be relevant, non-work place conduct will usually be irrelevant."

Fed. R. Evid. 412 advisory committee's note to 1994 amendment; <u>Zakrzewska v. New School</u>, 2008 WL 126594, at *1 (S.D.N.Y. Jan. 7, 2008); <u>Holcomb</u>, 2015 WL 1280442, at *2.  In view this Court's conclusion that the subpoenaed information is not relevant to the proffered defenses,

this Court bars discovery pertaining to Hughes' sexual history with other men.  Mack v.
Mendenhall, 257 F.R.D. 596, 602 (E.D.N.Y. 2009) ("[I]n the context of civil suits for sexual
harassment, and absent extraordinary circumstances, inquiry into such areas [i.e., complainant's
past sexual behavior] should not be permitted, either in discovery or trial.") (citing Priest v.
Rotary, 98 F.R.D. 755, 762 (N.D. Cal. 1983)); Ogden v. All-State Career School, 299 F.R.D.
446, 449 (W.D. Pa. 2014) (Rule 412 restricts discovery seeking to elicit information regarding
sexual conduct outside the workplace at issue).

       If Defendants seek to raise the defense that Hughes used Payne to advance herself
at Fox, they need only seek discovery from Hughes, Payne, and others at Fox.  The prejudice
arising from Hughes' prior sexual history with other men would outweigh what little relevance it
may bring to this case.  To the extent Defendants seek to draw on Hughes' reputation for
engaging in self-aggrandizing conduct with other men, they may directly depose Hughes, who
has "acknowledged in a cover story interview with her home town paper" that rumors of such
conduct "have long dogged her career."  (Opp. at 1 (internal quotations omitted).)

       Additionally, the third party affidavits do little to substantiate Defendants'
contention that Hughes had a habit of engaging in affairs for self-serving reasons.  The affidavits
appear to have been primarily drafted to elicit salacious details about Hughes' relationships.
This information goes to the heart of Defendants' argument that Hughes' "sexual immorality
would negate her defamation claims."  (Opp. at 1.)  But the affidavits give short shrift to the
defense that Hughes sought to advance her career through these affairs.  Each of the affidavits
gloss over this point with a perfunctory line unsupported by anything but conjecture.  Without
specific details supporting this contention, this Court concludes that the subpoenas are unlikely
to elicit information relevant to the defense.

CONCLUSION

For the foregoing reasons, in this Court's informed discretion, Hughes' motion to quash Defendants' non-party subpoenas is granted.  The Clerk of Court is directed to terminate the motion pending at ECF No. 37.

Dated: April 24, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.