UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------
:
SCOTTIE NELL HUGHES, :
: 17cv7093
*Plaintiff*, :
: MEMORANDUM & ORDER
-against- :
:
TWENTY-FIRST CENTURY FOX, INC., *et al*., :
:
*Defendants*. :
:
---------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

   In the wake of Wigdor LLP's motion to withdraw as counsel for Scottie Nell Hughes, Ty Odell Clevenger moves for admission pro hac vice to represent Hughes going forward. (See ECF No. 70.) Defendants oppose Clevenger's application. For the following reasons, Clevenger's motion is denied.

   While admissions pro hac vice are often granted as a matter of course, on occasion such applications are denied. See Spanos v. Skouras Theatres Corp., 364 F.2d 161, 167 (2d Cir. 1966) ("[T]here may be circumstances which might well lead a court to deny admission . . . ."); Erbacci, Cerone, & Moriarty, Ltd. v. United States, 923 F. Supp. 482, 485 (S.D.N.Y. 1996) (denying motion to appear pro hac vice where attorney filed a motion before being admitted); Sedona Corp. v. Ladenburg Thalmann & Co., 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003) (collecting denials).

   In this District, "[a]dmission pro hac vice is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge." United States v. Gutierrez, 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994) (quotation marks and alteration omitted); see also In re Rappaport, 558 F.2d 87, 89 (2d Cir. 1977); Spanos, 364 F.2d at 167

(explaining that the decision is in "the sound judicial discretion of the trial court" (quotation marks omitted)).  "The Court's exercise of discretion should be informed by, on the one hand, a litigant's right to choose [her] counsel, which should not lightly be interfered with, and, on the other hand, the Court's right to assure itself that an attorney is familiar with . . . the customs and practices of this Court, and will conduct himself professionally and ethically, and will not disrupt the proper functioning of the Court."  Sedona Corp., 2003 WL 22339357, at *3 (citations and quotation marks omitted).

The papers submitted on this motion reveal that Clevenger has amassed a cavalcade of disciplinary issues in various courts, all of which display a lack of respect for the judicial process.  (See Decl. of Linda C. Goldstein in Opp. to Clevenger's Mot. to Appear Pro Hac Vice, ECF No. 80, Exs. A-V.)  And Clevenger's moving papers failed to disclose all of his disciplinary violations, including that he was sanctioned for making misrepresentations to Judge Swain while appearing pro hac vice in this District.  Clevenger offers a variety of excuses for his disciplinary issues and fails to take responsibility for any of them.

Aside from the lack of candor, Clevenger's conduct in this proceeding also troubles this Court.  For instance, moments after appearing for a sealed ex parte conference, Clevenger evidently discussed the proceeding with a Law360 reporter outside the courtroom—a serious departure from acceptable practice before this Court.  And Clevenger's pro hac vice application has devolved into a sideshow.  Over the weekend Clevenger submitted a "supplement" to his reply memorandum, taking issue with an entirely ancillary and irrelevant matter, namely Defendants' suggestion that Clevenger's use of the term "shyster" had anti-Semitic overtones.  (ECF No. 85.)  Putting aside the distracting nature of the "supplement," Clevenger filed the "supplement" without permission.

This type of behavior forecasts trouble ahead, and Clevenger certainly has a history of trouble behind.  The interests in advancing this litigation are undermined by such diversionary tactics which waste scarce judicial resources and impose needless expense on the parties.  This Court lacks confidence that Clevenger "will conduct himself professionally and ethically, and will not disrupt the proper functioning of the Court."  <u>Sedona Corp.</u>, 2003 WL 22339357, at *3.

This Court does not "lightly interfere" with Hughes' choice of counsel, particularly given that she was aware of Clevenger's prior misconduct.  <u>Gutierrez</u>, 1994 WL 593773, at *3.  "Nevertheless, M[s]. [Hughes] does not have an unfettered right to cho[o]se counsel who is not admitted to practice in this Court.  And where, as here, h[er] choice threatens harm not only to h[er] own interests, but to the independent public interest in the efficient administration of justice, h[er] choice properly may be subordinated."  <u>Gutierrez</u>, 1994 WL 593773, at *3.

For the foregoing reasons, Clevenger's motion to appear <u>pro hac vice</u> is denied.  Hughes is directed to retain new counsel or advise this Court that she is appearing <u>pro se</u> by August 15, 2018.  This action is stayed pending further order of this Court.  The Clerk of Court is directed to terminate the motion pending at ECF No. 70.  The Clerk of Court is also directed to terminate the motions pending at ECF Nos. 76 and 79—but the Court notes that it will file the documents related to those motions under seal.

Dated: June 25, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.